## IN THE UNITED STATES DISTRICT COURT FOR
## THE SOUTHERN DISTRICT OF WEST VIRGINIA

### HUNTINGTON DIVISION

BRADWICK G. SIMMONS,

                Plaintiff,

v.                              CIVIL ACTION NO. 3:24-0078

VILLAGE OF BARBOURSVILLE,
a West Virginia Municipality,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending is Defendant Village of Barboursville's Motion to Dismiss, or in the Alternative Motion for Summary Judgment. ECF No. 4.[1] For the reasons stated herein, the Motion is **GRANTED in part** and **DENIED in part.** Plaintiff shall be permitted to move forward on his Whistle-blower Law claim.

### I.  Background

Plaintiff Bradwick G. Simmons served as a police officer for Defendant Village of Barboursville from November 2009 until he was terminated on July 24, 2023. Compl. ¶ 4.

---

[1] In making its decision, the Court considered the following documents: Plaintiff's Complaint, ECF No. 1; Defendant Village of Barboursville's Memorandum of Law in Support of Motion to Dismiss, or in the Alternative Motion for Summary Judgment ("Def.'s Mem."), ECF No. 5; Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss with Prejudice, or in the Alternative Motion for Summary Judgment ("Pl.'s Resp."), ECF No. 10; and Defendant Village of Barboursville's Reply to Plaintiff's Memorandum in Response to Defendant's Motion to Dismiss or in the Alternative Motion for Summary Judgment ("Def.'s Reply), ECF No. 11.

Plaintiff's brief complaint alleges that his termination "was due to reporting illegal and wrongful conduct by other members of the Village of Barboursville Police Department, including officers conducting personal business while on duty and being paid by the Village of Barboursville." *Id.* at ¶ 5. He further avers that his "report of such illegal and wrongful conduct included compliance with such wrongful conduct by upper-level officers and personnel of the Village of Barboursville," and that "to the extent these upper-level officers and personnel failed to take action regarding such illegal and wrongful conduct, their inactivity was itself in compliance with the illegal and wrongful conduct and [was] itself unlawful." *Id.* at ¶¶ 6–7. Plaintiff submits that he made his report "to his superiors, to an agent of [his] employer, and to an appropriate authority," and that his report was made in "good faith." *Id.* at ¶ 11.

Plaintiff filed suit in this Court on February 15, 2024, on the basis of diversity jurisdiction. His Complaint includes two causes of action: (I) a violation of the West Virginia Whistle-blower Law and (2) a common law claim for wrongful termination. Defendant moved to dismiss Plaintiff's case in its entirety.

## II.  Legal Standard

Pursuant to *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), courts must look for "plausibility" in the complaint. This standard requires a plaintiff to set forth the "grounds" for an "entitle[ment] to relief" that is more than mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal quotation marks and citations omitted). Accepting the factual allegations in the complaint as true (even when doubtful), the allegations "must be enough to raise a right to relief above the speculative level . . . ." *Id.* (citations omitted). If the allegations in the complaint, assuming their truth, do "not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum

expenditure of time and money by the parties and the court." *Id*. at 558 (internal quotation marks and citations omitted).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained the requirements of Rule 8 and the "plausibility standard" in more detail. In *Iqbal*, the Supreme Court reiterated that Rule 8 does not demand "detailed factual allegations[.]" 556 U.S. at 678 (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Whether a plausible claim is stated in a complaint requires a court to conduct a context-specific analysis, drawing upon the court's own judicial experience and common sense. *Id*. at 679.

### III. Analysis

Defendant argues that Plaintiff's complaint must be dismissed because (1) he failed to exhaust his administrative remedies as required by West Virginia Code § 8-14A-3; (2) he has failed to state adequate facts to sustain a wrongful termination claim under the Whistle-blower Law; (3) his *Harless* claim is pre-empted by the Whistle-blower Law; and (4) he has failed to plausibly allege his damages are greater than $75,000.00. The Court addresses each argument in turn.

### A.  Plaintiff is Not Required to Exhaust Under West Virginia Code § 8-14A-3.

Defendant argues that West Virginia Code § 8-14A-3 requires Plaintiff to administratively exhaust his claims. *See* Def.'s Mem. at 3–5. The Court is not persuaded. Unlike the cases cited by Defendant wherein the plaintiffs sought relief under statutes that contained administrative remedies, Plaintiff is not seeking a remedy under West Virginia Code § 8-14A-3. *See King v. Logan Cnty. Deputy Sheriffs' Civ. Serv. Comm'n*, 420 S.E.2d 270 (W. Va. 1992) (finding that the

circuit court could not award plaintiff sergeant remedies under West Virginia Code § 7-14-17 because he had failed to follow that statute's "procedural scheme through which a complaint of alleged inappropriate promotions may progress"); *Mounts v. Chafin*, 411 S.E.2d 481 (W. Va. 1991) (finding a writ of mandamus was not an available remedy for an injury sustained under West Virginia Code § 30-29-5 where plaintiff failed to take advantage of administrative remedies set forth in that statute). Plaintiff's complaint seeks remedies under the "Whistle-blower Law," West Virginia Code § 6C-1-1, *et seq.*, and via *Harless* wrongful termination claim.

In fact, Defendant's argument flies in the face of both the relevant statutory language and binding caselaw. West Virginia's Whistle-blower Law "clearly and unambiguously provides that a person claiming to be a victim of retaliatory action as a result of being a whistle-blower may institute a civil action in a court of competent jurisdiction." *State ex rel. Devono v. Wilmoth*, 889 S.E.2d 738, 746 (W. Va. 2023) (citing W. Va. Code § 6C-1-4(a)). "While the statute provides for the filing of a grievance, *it does not mandate that course of action*." *Id.* (emphasis added); W. Va. Code § 6C-1-4(e) ("Any employee covered by the civil service system who has suffered a retaliatory action as a result of being a whistle-blower *may* pursue a grievance under the West Virginia Public Employees Grievance Procedure.") (emphasis added); *see McCoy v. Kanawha Cnty. Bd. of Educ.*, No. 2:23-CV-00314, 2024 WL 1805005 (S.D.W. Va. Apr. 25, 2024) ("Consistent with the holding in *Devono*, the court finds that McCoy, as a public employee alleging violations of the Whistle-blower Law, was not required to administratively exhaust her whistle-blower claim prior to initiation of a civil action."). Similarly, it has long been established that *Harless*-type wrongful termination claims do not require an exhaustion of administrative remedies. *See Collins v. Elkay Min. Co.*, 371 S.E.2d 46, 49–50 (W. Va. 1988).

In sum, inasmuch as neither of the causes of actions pled by Plaintiff requires administrative exhaustion, Defendant's motion to dismiss based on exhaustion is **DENIED**.

## B. Plaintiff Has Stated a Claim under West Virginia Code § 6C-1-3(a).

Next, Defendant argues that Plaintiff has not pled sufficient facts to state a claim for relief under the Whistle-blower Law. The law provides, in relevant part,

> [n]o employer may discharge, threaten, or otherwise discriminate or retaliate against an employee by changing the employee's compensation, terms, conditions, location, or privileges of employment because the employee, acting on his or her own volition, or a person acting on behalf of or under the direction of the employee, makes a good faith report, or is about to report, verbally or in writing, to the employer or appropriate authority, an instance of wrongdoing or waste.

W. Va. § 6C-1-3(a) (2020).

While Plaintiff's limited factual allegations certainly leave the reader wanting more, they are enough to state a claim under the Whistle-blower Law. *First,* Plaintiff alleges he was a police officer for the Village of Barboursville, a municipal corporation, and therefore an "employee" of an "employer" under the Whistle-blower Law. Compl. ¶¶ 2, 4; *see* W. Va. Code § 6C-1-2(b) (providing that "employee" "means a person who performs a full or part-time service for wages, salary, or other remuneration under a contract of hire, written or oral, express or implied, for a public body");[2] W. Va. Code § 6C-1-2 (c) (defining an "employer" as "a person supervising one or more employees, including the employee in question, a superior of that supervisor, or an agent of a public body"). *Second,* he was discharged by his employer. Compl. ¶ 4. *Third*, his discharge occurred after he made a report of "illegal and wrongful conduct by other members of the Village

---

[2] A "public body" includes "[a] commission, council, department, agency, board, court, in its nonjudicial functions only, official, special district, corporation or other instrumentality of a county or a municipality or a regional or joint governing body of one or more counties or municipalities[.]" W. Va. Code § 6C-1-2(e)(2).

of Barboursville Police Department, including officers conducting personal business while on duty and being paid by the Village of Barboursville." *Id.* at ¶ 5. Of course, such conduct, if proven to be true, would meet the definition of "waste" under the Whistle-blower law. *See* W. Va. Code § 6C-1-2(f) (defining "waste" as "an employer or employee's conduct or omissions which result in substantial abuse, misuse, destruction or loss of funds or resources belonging to or derived from federal, state or political subdivision sources").[3] *Fourth*, he alleges that he made his report in "good faith" and "to an agent of [his] employer" and "an appropriate authority." Compl. ¶ 11.

Accepting Plaintiff's facts as true, he has plausibly alleged a cause of action under West Virginia's Whistle-blower Law, and Defendant's motion to dismiss Count I is **DENIED**.

## C. The Whistle-Blower Claim Supplants Plaintiff's *Harless* Claim.

In addition to his wrongful termination claim under the Whistle-blower Law, Plaintiff's Complaint alleges that his firing amounts to a wrongful discharge under West Virginia common law (oft referred to as a "*Harless* claim").

West Virginia recognizes that "[t]he rule than an absolute right to discharge an at will employee must be tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge." Syl. *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270, 271 (W. Va. 1978).

Generally, a *Harless* claim cannot stand when there is a state statute setting forth a remedy for the public policy at issue and the same facts underlie both claims. *See, e.g.*, *Adkins v. Cellco*

---

[3] It may also be "wrongdoing," which is defined as "a violation which is not of a merely technical or minimal nature of a federal or state statute or regulation, of a political subdivision ordinance or regulation or of a code of conduct or ethics designed to protect the interest of the public or the employer." W. Va. Code § 6C-1-2(h).

*P'ship, Inc.,* No. CV 3:17-2772, 2017 WL 2961377, at *4 (S.D.W. Va. July 11, 2017) ("The purpose of the *Harless*-based claim was to prevent the termination of employees when such termination contravened public policy, specifically when no other private cause of action could enforce the public policy at issue."); *Griffith v. Chemours Co.*, No. 2:21-CV-00368, 2021 WL 4303391 (S.D.W. Va. Sept. 21, 2021).

Here, the public policy Plaintiff cites as supporting his *Harless* claim is Plaintiff's "right to report illegal and wrongful conduct by another officer." Compl. ¶ 18. This public policy is sufficiently supplanted by the provisions of the Whistle-blower Law. Consequently, Plaintiff may not maintain a separate cause of action against Defendant under *Harless*. *See Hope v. Bd. of Directors of Kanawha Pub. Serv. Dist.*, No. 2:12-CV-6559, 2013 WL 3340699, at *4 (S.D.W. Va. July 2, 2013) (Copenhaver, J.) ("The Whistle-blower Law enables Hope to enforce his right to report ethical violations without the fear of retaliatory employment actions. With a clear mechanism in place to enforce this public policy, a *Harless* cause of action is unavailable."). Count II of Plaintiff's Complaint is **DISMISSED.**

## D.  Defendant Has Not Shown to a Legal Certainty that Plaintiff's Claim Does Not Meet the Amount in Controversy Requirement.

Finally, Defendant argues that this Court lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff's claim does not meet the amount in controversy requirement set forth in 28 U.S.C. § 1332(a). *See* Def.'s Mem. at 13–16.

With regard to the amount in controversy, a court must look to the Complaint and determine whether a plaintiff has set forth a claim in good faith that meets the amount in controversy requirement. *Wiggins v. N. Am. Equitable Life Assur. Co.*, 644 F.2d 1014, 1016 (4th Cir. 1981) ("Ordinarily the jurisdictional amount is determined by the amount of the plaintiff's original claim,

provided that the claim is made in good faith."). Most often, the amount "claimed by the plaintiff controls the amount in controversy determination." *JTH Tax, Inc. v. Frashier*, 624 F.3d 635, 638 (4th Cir. 2010) (internal quotation marks and citation omitted). "If the plaintiff claims a sum sufficient to satisfy the statutory requirement, a federal court may dismiss only if it is apparent, *to a legal certainty*, that the plaintiff cannot recover the amount claimed." *Id.* (internal quotation marks and citation omitted; italics added in *JTH Tax*). In those situations, the defendant carries a "heavy burden" to get a case dismissed for not satisfying the jurisdictional amount. To obtain a dismissal, the defendant "must show the legal impossibility of recovery to be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Id.* (internal quotation marks and citation omitted).

In this case, the Court finds the Defendant has not met its heavy burden. Defendant submits that because Plaintiff requests reinstatement to his former position, the only damages he could be entitled to are lost wages amounting to approximately $17,000.00. *See* Def.'s Mem. at 14. Yet, this argument presupposes that this Court would grant Plaintiff's request for reinstatement and ignores his alternative request for lost future wages. *See* Compl. ¶ 24 (seeking "[f]ull payment of back *and future* wages") (emphasis added). Defendant makes no argument that an award of future wages could not exceed $75,000.00.

Simply put, Defendant has not shown *to a legal certainty* that the Plaintiff cannot recover greater than $75,000.00 in damages. Accordingly, the Court is satisfied that it has subject-matter jurisdiction over this case.

## IV. Conclusion

Defendant Village of Barboursville's Motion to Dismiss, or in the Alternative Motion for Summary Judgment, ECF No. 4, is **GRANTED in part and DENIED in part.** Plaintiff may proceed on his claim under West Virginia Code § 6C-1-1, *et seq*.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:        July 17, 2024

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE